UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KJY INVESTMENT LLC, *et al.*,

                        Plaintiffs,

      v.                                          No. 20-CV-9116 (KMK)

NOBLESSE NAIL & SPA, INC., *et al.*,                  ORDER

                        Defendants.

KENNETH M. KARAS, District Judge:

      KJY Investment LLC ("KJY") and Beautiful Spa, LLC ("Beautiful Spa," together, "Plaintiffs") bring this Action against Noblesse Nail & Spa, Inc. ("Noblesse"), Kwi Young Shim ("Shim"), and Jae Woong Choi ("Choi," and collectively, "Defendants"). The dispute focuses on four loan agreements (the "Loans") in which KJY loaned Noblesse $725,000, and a management agreement and asset purchase agreement whereby Noblesse sold its assets related to the nail salon it operates in Scarsdale, New York (the "Salon") to Beautiful Spa, and Beautiful Spa retained Noblesse to manage the Salon. Plaintiffs bring claims for breach of promissory notes, the loan agreements, the personal guaranties, the settlement and forbearance agreement, and the security agreements for the Loans, as well as for specific performance of the asset purchase agreement, and declaratory relief regarding the management agreement. (Compl. ¶¶ 115–56 (Dkt. No. 1).) Before the Court is Plaintiffs' Motion for Summary Judgment (the "Motion"). (*See* Not. of Mot. (Dkt. No. 32).) For the following reasons, the Motion is denied.

      Here, Plaintiffs ask the Court, in the absence of any discovery, to grant summary judgment in their favor. However, "pre-discovery summary judgment is the exception rather

than the rule and will be granted only in the clearest of cases." *Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp. 2d 352, 359–60 (S.D.N.Y. 2002) (quotation marks omitted); *see also Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (noting that "summary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof" (alterations and quotation marks omitted)); *Baskett v. Autonomous Research LLP*, No. 17-CV-9237, 2018 WL 4757962, at *4 (S.D.N.Y. Sept. 28, 2018) ("Although a pre-discovery motion for summary judgment is permitted under Federal Rule of Civil Procedure 56, it should be granted only in the rarest cases because the nonmoving party must have had the opportunity to discover information that is essential to [their] opposition to the motion for summary judgment." (alterations and citation omitted)). Indeed, Federal Rule of Civil Procedure 56(d) addresses the need for additional discovery in the context of a summary judgment motion. Specifically, Rule 56(d) explains that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may defer consideration of the Motion, deny the Motion, allow additional time to take discovery, or issue any other appropriate order. FED. R. CIV. P. 56(d).

      The Court concludes that this is not that rare case where it is clear that discovery is unwarranted. The Parties have taken no depositions or engaged in any discovery. (Defs.' Mem. of Law. in Opp'n to Pls.' Mot. for Summ. J. ("Defs.' Mem.") 3 (Dkt. No. 39).) As Defendants argue, there are issues that call for further factual development, including, but not limited to, the status of and maturity dates for the Loans, the related extension fee provisions contained in the promissory notes, and what, if any, payments have been made by Defendants on the principal or interest for the Loans. (Defs.' Mem. 4–8.) The Court also notes that Plaintiffs need to develop

the factual record as to the basis for the alleged interest due on the Loans as well as the late charges due under the promissory notes. (Pls.' Mem. of Law in Supp. of Pls.' Mot. for Summ. J. 21 (Dkt. No. 33).)

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is denied without prejudice. The Court shall hold an initial pre-trial conference on October 20, 2021 at 11:30am. The Clerk of Court is respectfully directed to terminate the pending Motion. (Dkt. No. 32.)

SO ORDERED.

Dated: September 27, 2021
White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE